IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff/Respondent, ) | No. CR-01-807-PHX-PGR |
| ) | No. CV-04-1580-PHX-PGR (GEE) |
| vs. ) | |
| ) | |
| Daniel Michael Angelo Godoy, ) | ORDER AND OPINION |
| ) | |
| Defendant/Movant. ) | |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Edmonds in light of defendant Daniel Godoy's Response to Magistrate[']s Report and Recommendation (doc. #671), the Court finds that this matter should be referred to the Magistrate Judge for further proceedings.

The defendant entered into a plea agreement on November 15, 2002 in which he agreed to waive any right to raise on appeal or to collaterally attack any matter pertaining to his prosecution and sentence if the sentence imposed on him was consistent with the terms of his plea agreement, which called for a sentence of between 188 months to 200 months. The sentence of 192 months imposed on the defendant by the Court on March 20, 2003 was consistent with the plea agreement. The defendant, through his appointed counsel, Scott Halverson, filed a motion on April 16, 2003 seeking permission to have Mr. Halverson withdraw as counsel and to have new counsel appointed to represent the defendant regarding any potential issues of

1  ineffective assistance of counsel, as well as other potential habeas corpus issues.  In an
2  order entered on April 22, 2003, the Court granted the motion only to the extent that it
3  withdrew Mr. Halverson as the defendant's counsel.  The defendant, through Mr.
4  Halverson, filed an untimely notice of appeal on April 22, 2003, together with a motion
5  seeking permission to file the delayed appeal; the motion was accompanied by an
6  affidavit of Mr. Halverson stating that the defendant had informed him on the date of his
7  sentencing that he wanted to pursue his appellate remedies but that Mr. Halverson, due
8  to his limited experience in federal court, failed to file a timely notice of appeal because
9  he believed that the defendant was precluded from appealing due to the fact that he
10 waived his right to appeal in his plea agreement.  The Court denied the defendant's
11 motion in an order entered on May 19, 2003, noting that the defendant had waived his
12 right to file an appeal or to collaterally attack his sentence, and that Mr. Halverson no
13 longer represented the defendant.  The Ninth Circuit, in its mandate entered on August
14 20, 2003, dismissed the defendant's appeal for lack of subject matter jurisdiction
15 because the notice of appeal had been untimely filed.

16      The defendant filed his pending motion pursuant to 28 U.S.C. § 2255 on August
17 2, 2004.  The sole ground raised in the motion is that the defendant was deprived of
18 effective assistance of counsel because Mr. Halverson failed to heed the defendant's
19 request to file a timely notice of appeal.  The defendant stated in his motion that he did
20 not know that his notice of appeal was untimely until approximately May of 2004.  The
21 government opposed the § 2255 motion on the grounds that the defendant filed it after
22 the limitations period imposed by the Anti-Terrorism and Effective Death Penalty Act
23 had expired and that he was not entitled to any equitable tolling of the limitations period,
24 and that he had failed to establish the prejudice prong of the ineffective assistance of
25 counsel standard because he had waived his right to appeal as part of his plea
26 agreement.

27      The Magistrate Judge, deciding that she need not resolve the government's
28 statute of limitations argument since it was problematic and could require an evidentiary

hearing, recommended that the defendant's § 2255 motion be denied on its merits on the ground that the defendant cannot not show that his attorney's deficient performance in failing to timely file a notice of appeal caused him prejudice because he had waived his right to appeal.

In his objections to the Report and Recommendation, filed September 6, 2005, the defendant argued for the first time that his plea was not knowing and voluntary for several reasons. The gist of the defendant's main argument, as the Court understands it, is that due to his attorney's lack of knowledge of the relevant law, the defendant did not understand that there was no factual basis for the amount of marijuana for which he was sentenced. The defendant states in his objections that he had just been informed of this issue.

The Court concludes that the Magistrate Judge's recommendation that the defendant's motion be denied on its merits based on the defendant's waiver of his appellate rights cannot be accepted due to a Ninth Circuit opinion that was issued after the Report and Recommendation was entered. In <u>United States v. Sandoval-Lopez</u>, 409 F.3d 1193 (9th Cir. 2005), the Ninth Circuit, in ruling in a § 2255 case that defense counsel's failure to comply with the defendant's request to file an appeal constitutes ineffective assistance of counsel regardless of whether the defendant had waived his right to file an appeal pursuant to a plea agreement, stated:

> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen. The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed. Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

409 F.3d at 1198.

However, before the Court can reach the issue of whether the defendant's judgment should be vacated and reentered, the issue of whether the defendant's § 2255 motion was timely filed must first be resolved. For that reason, the Court will

1  refer this matter to the Magistrate Judge to allow her to make a supplemental
2  recommendation, after holding an evidentiary hearing and/or allowing additional briefing
3  as she deems necessary, regarding the timeliness of the defendant's § 2255 motion and
4  any related issues.  Therefore,
5      IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc.
6  #663) is rejected and that defendant Daniel Godoy's Motion to Vacate, Set Aside  or
7  Correct Sentence filed pursuant to 28 U.S.C. § 2255 (doc. #633) is referred to
8  Magistrate Judge Edmonds for further supplemental proceedings.
9      DATED this 12th day of December, 2005.

Paul G. Rosenblatt
United States District Judge