**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,                )<br>                                                    )<br>            Plaintiff/Respondent,     )<br>    vs.                                              )<br>                                                    )<br>Daniel Michael Angelo Godoy,    )<br>                                                    )<br>            Defendant/Movant.          )<br>_____ ) | No. CR-01-0807-PHX-PGR<br>No. CV-04-1580-PHX-PGR (GEE)<br><br><u>ORDER</u> |

Pending before the Court is Magistrate Judge Edmonds' Second Report and Recommendation, filed July 27, 2007, wherein she recommends that the defendant Daniel Godoy's Motion to Vacate, Set Aside or Correct Sentence, filed on July 19, 2004 pursuant to 28 U.S.C. § 2255, be denied as time-barred. Having reviewed the Report and Recommendation *de novo* in light of the defendant's Objections to Report and Recommendation, filed August 25, 2007, and the evidentiary hearing held on April 23, 2007, the Court finds that the Report and Recommendation should be rejected and that the defendant's judgment should be vacated and reentered so that the defendant may appeal the judgment.

The defendant entered into a plea agreement on November 15, 2002 in which he agreed to waive any right to raise on appeal or to collaterally attack any matter pertaining to his prosecution and sentence if the sentence imposed on him

was consistent with the terms of his plea agreement, which called for a sentence of between 188 months to 200 months. The sentence of 192 months imposed on the defendant by the Court on March 20, 2003 was consistent with the plea agreement. The defendant, through his then appointed counsel, Scott Halverson, filed a motion on April 16, 2003 seeking permission to have Mr. Halverson withdraw as counsel and to have new counsel appointed to represent the defendant regarding any potential issues of ineffective assistance of counsel, as well as other potential habeas corpus issues. In an order entered on April 22, 2003, the Court granted the motion only to the extent that it withdrew Mr. Halverson as the defendant's counsel. The defendant, through Mr. Halverson, filed an untimely notice of appeal on April 22, 2003, together with a motion seeking permission to file the delayed appeal pursuant to Fed.R.App.P. 4(b)(4); the motion was accompanied by an affidavit of Mr. Halverson stating that the defendant had informed him on the date of his sentencing that he wanted to pursue his appellate remedies but that Mr. Halverson, due to his limited experience in federal court, failed to file a timely notice of appeal because he believed that the defendant was precluded from appealing due to the fact that he waived his right to appeal in his plea agreement. The Court denied the defendant's motion in an order entered on May 19, 2003, noting that the defendant had waived his right to file an appeal or to collaterally attack his sentence, and that Mr. Halverson no longer represented the defendant. The Ninth Circuit, in its mandate entered on August 20, 2003, dismissed the defendant's appeal for lack of subject matter jurisdiction because the notice of appeal had been untimely filed.

      The defendant submitted his pending motion pursuant to 28 U.S.C. § 2255

to prison authorities for mailing on July 19, 2004, and it was actually filed on August 2, 2004. The sole ground raised in the motion is that the defendant was deprived of effective assistance of counsel because Mr. Halverson failed to heed the defendant's request to file a timely notice of appeal. The defendant stated in his motion that he did not know that his notice of appeal was untimely until approximately May of 2004. The government opposed the § 2255 motion on the grounds that the defendant filed it after the limitations period imposed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) had expired and that he was not entitled to any equitable tolling of the limitations period, and that he had failed to establish the prejudice prong of the ineffective assistance of counsel standard because he had waived his right to appeal as part of his plea agreement.

In her original Report and Recommendation, the Magistrate Judge, deciding that she need not resolve the government's statute of limitations argument since it was problematic and could require an evidentiary hearing, recommended that the defendant's § 2255 motion be denied on its merits on the ground that the defendant cannot show that his attorney's deficient performance in failing to timely file a notice of appeal caused him prejudice because he had waived his right to appeal.

In his objections to the Report and Recommendation, filed September 6, 2005, the defendant argued for the first time that his plea was not knowing and voluntary for several reasons. The gist of the defendant's main argument, as the Court understands it, is that due to his attorney's lack of knowledge of the relevant law, the defendant did not understand that there was no factual basis for the amount of marijuana for which he was sentenced. The defendant stated in his objections that he had just been informed of this issue.

In an order entered on December 13, 2005, the Court concluded that the Magistrate Judge's recommendation that the defendant's motion be denied on its merits based on the defendant's waiver of his appellate rights could not be accepted due to a Ninth Circuit opinion, <u>United States v. Sandoval-Lopez</u>, 409 F.3d 1193 (9th Cir. 2005), that was issued after the Report and Recommendation was entered.  In <u>Sandoval-Lopez</u>, the Ninth Circuit, in ruling in a § 2255 case that defense counsel's failure to comply with the defendant's request to file an appeal constitutes ineffective assistance of counsel regardless of whether the defendant had waived his right to file an appeal pursuant to a plea agreement, stated:

> If a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming that he ordered his attorney to appeal and his attorney refused to do so, two things can happen.  The district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed.  Or, if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true.

409 F.3d at 1198.  The Court referred the matter to the Magistrate Judge for the purpose of submitting a supplemental Report and Recommendation on the issue of the timeliness of the defendant's § 2255 motion.  The Magistrate Judge appointed new counsel for the defendant, Natman Schaye, Esq., and held an evidentiary hearing on April 23, 2007 in which the defendant and his former counsel testified.  The uncontroverted evidence establishes that the defendant unequivocally instructed his former counsel to file a notice of appeal on his behalf after he was sentenced.

In her Second Report and Recommendation, the Magistrate Judge concluded, first, that the defendant's judgment of conviction became final for

purposes of § 2255 ten days after the Court entered judgment on March 20, 2003, which was when the time for filing a timely notice of appeal expired, second, that the one-year § 2255 limitations period began to run when the defendant, through the exercise of due diligence, should have discovered that the Court had denied his motion for an extension of time to file his appeal on May 19, 2003, third, that the limitations period began running as of the end of June 2003 since the defendant should have known about the Court's order by then, and fourth, that the defendant's § 2255 motion was untimely filed because it was filed more than one year after the end of June 2003.  In his objections to the Second Report and Recommendation, the defendant, through his new counsel, argues in part that his § 2255 motion was timely filed because the limitations period did not begin to run, at the earliest, until July 28, 2003, when the Ninth Circuit dismissed his appeal.

       Pursuant to the AEDPA, a § 2255 motion is timely if filed within one year after the date the judgment of conviction becomes final, *i.e.* within one year of the expiration of the time during which the defendant could have sought review by direct appeal. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (citing to the Supreme Court's statement in Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987), that a conviction is final for purposes of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari is finally denied.")  The Court cannot agree with the Magistrate Judge that the Court's denial of the defendant's motion for an extension of time to file his appeal is the triggering date for the limitations period since at the time the Court's order was entered the defendant's appeal was still pending before the Ninth Circuit.  The

Court need not resolve any issue of equitable tolling because it concludes that the defendant's judgment did not become final until the period for filing a petition for certiorari elapsed after the Ninth Circuit denied the defendant's appeal, which was less than one year prior to filing of the defendant's § 2255 motion.

Since the § 2255 motion was timely filed and there is no dispute that the defendant's former counsel did not timely file a notice of appeal as instructed by the defendant, the Court, pursuant to United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), will grant the defendant's motion, vacate the defendant's judgment of conviction, and reenter the same judgment, thus permitting the defendant a ten-day period in which to file an appeal from the reentered judgment.  Therefore,

IT IS ORDERED that the Magistrate Judge's Second Report and Recommendation (doc. #729) is rejected.

IT IS FURTHER ORDERED that defendant Daniel Godoy's Motion to Accept Untimely Objections to Report and Recommendation (doc. #734) is granted.

IT IS FURTHER ORDERED that defendant Daniel Godoy's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (doc. #633) is granted to the extent that the defendant's Judgment and Commitment (doc. #509) is vacated and is reentered on its same terms and provisions.  For purposes of Fed.R.App.P. 4(b)(1)(A), defendant Daniel Godoy's Judgment and Commitment shall be deemed to be reentered as of the

/ / /

/ / /

/ / /

date this Order is entered.  The Clerk of the Court shall enter judgment accordingly.

DATED this 3rd day of October, 2007.

_____
Paul G. Rosenblatt
United States District Judge